## James Bailey *v.* Amos Gould.

## Amos Gould *v.* James Bailey.

Any thing done by a first mortgagee to the prejudice of a second mortgagee, with a knowledge of the second mortgage, should, to the extent of such injury, postpone the first to the second mortgage.

A creditor may extend the time for his debtor to pay in, without discharging the sureties, if he, by the same agreement, in express terms, reserves his remedy against them.

Where the holder of a mortgage released a note which was given with it, reserving at the same time his right to foreclose the mortgage on the land, and a second mortgagee, with notice of the first mortgage, had, prior to the release, foreclosed his own mortgage at law, and purchased the premises, the latter was held to stand in the place of a purchaser of the equity of redemption subject to the first mortgage, and the premises in his hands, as such purchaser with notice, to be the primary fund for the payment of the first mortgage.

Where a foreclosure bill did not state that any thing was due on the note executed with the mortgage, or whether any proceedings had been had at law for the recovery of the debt, it was held to be demurrable.

The law does not raise a presumption of non-payment, but of payment when due, unless the contrary is shown by production of the note, or other evidence repelling the presumption of law when the note itself cannot be produced.

The assignment of a mortgage, without the debt which it is given to secure, carries no beneficial interest in the mortgage to the assignee, who would hold it subject to the will and disposal of the creditor.

ORIGINAL and cross bills.

The first is filed for the foreclosure of a mortgage on forty acres of land, executed by Cyrus Miller to Laura W. Whitney, on the 25th of October, 1838, for the payment of $529.20, with interest, by the first day of January, 1841, for which amount a promissory note was at the same time executed by Miller.    Miller afterwards, in December, 1838, mortgaged the same premises, with an additional forty acre lot, to Amos Gould, for the payment of $670.50; one half, with interest, on the first day of June, 1839, and the other half, with interest, on the first day of June, 1840.    This last mortgage was recorded on the first day of January, 1839, and before the Whitney mortgage, which was recorded on the twenty-eighth day of September of that year.    The original bill states that Bailey, on the seventeenth of April, 1841, was appointed guardian to Charles Whitney, Morlan E. Whitney, and Willard Whitney, infants under the age of fourteen years, by the Probate Court of Oakland county; and that, on the same day, Laura W. Whitney assigned to him, as guardian of said minors, and for their benefit, the sum of $278.78, part and parcel of the moneys secured by said mortgage; and, in consideration of $348.94, paid to her by complainant, she then and there assigned to him all her interest in the balance of said mortgage, for his own use.    The bill further states that Gould had foreclosed his mortgage at law, by advertisement and sale under the statute; that the mortgaged premises were purchased by him; that the time of redemption had expired and the sale had become absolute; and charges him with notice of the mortgage to Mrs. Whitney, when Miller mortgaged to him.

The defendant in his answer denies all knowledge of the Whitney mortgage when he took his mortgage.    He also denies all the other material facts stated in the bill,

and leaves complainant to prove them, except such as relate to his own mortgage, and the foreclosure thereof at law, which are admitted. And he insists it does not appear from the bill, that the note, to secure the payment of which the Whitney mortgage was given, has not been paid; or that it passed to complainant on the assignment of the mortgage; or that it is in existence as an outstanding claim against Miller; and claims the same benefit from his objections as though he had demurred to the bill.

A replication was filed, and testimony taken by both parties; and, in order to make Miller a witness, to prove notice to defendant of the Whitney mortgage, the following release was executed to him by complainant:

" Know all men by these presents, that I, James Bailey, of Troy, in the county of Oakland, in the state of Michigan, in consideration of one shilling to me in hand paid by Cyrus Miller, the receipt whereof I hereby acknowledge, do by these presents covenant, for myself, my heirs and assigns, that I will not, and they shall not, sue, prosecute, or collect from said Miller, his heirs or assigns, a certain promissory note made by said Miller to Laura W. Whitney, for the sum of five hundred and twenty-nine dollars and twenty cents, and interest, dated October twenty-fifth, in the year eighteen hundred and thirty-eight, and payable on or by the first day of January, in the year eighteen hundred and forty-one. And I also further covenant that I will not, and my heirs, executors, administrators and assigns shall not, sue, prosecute, or collect from said Miller, his heirs, administrators, or assigns, the whole or any part of the sum of money and interest mentioned in said note, by virtue of, or by any action upon, a certain covenant to pay the said sum, made by said Miller, in a certain indenture of mortgage bearing even date with said promissory note, and executed by said Cyrus Miller to said

Laura W. Whitney, to secure the payment of the same, and, together with the said note, assigned to me by said Laura W. Whitney, on the seventeenth day of April, in the year eighteen hundred and forty-one; hereby releasing and discharging the said Cyrus Miller, his heirs and assigns, from all personal liability on said promissory note and covenant.

" Provided, nevertheless, that nothing herein contained shall be so construed, as to invalidate the said mortgage, and the lien or security of the same upon the mortgaged premises, or to prevent the foreclosure and sale, or set-off of said premises, for the amount of said promissory note and interest, in equity, or under the statute in such case made and provided.   In witness whereof I have hereunto set my hand and seal this twelfth day of December, A. D. 1842.                    *James Bailey*, [L. S.]

In presence of *George F. Porter*."

Gould afterwards filed a cross bill, setting forth the release and insisting upon it as a discharge of the mortgage, to which Bailey demurred; and the two bills were brought to a hearing,—the original bill on the pleadings and proofs, and the cross bill on the demurrer.

*J. F. Joy*, for Bailey.

*E. B. Harrington*, for Gould.

THE CHANCELLOR.   I shall first dispose of the cross bill; for, if that can be sustained, there is an end of the original bill.

The release does not in terms discharge the debt. The personal liability of Miller on the note, and on the covenant in the mortgage for the payment of the debt, is released, while the right to collect the debt by a foreclosure of the mortgage, at law, or in equity, is in express

terms reserved. Nothing is more clear than the intention of the parties to the release, that Bailey should look to the mortgaged premises alone for payment. But it is said Gould, as subsequent mortgagee, (and as to the cross bill he must be considered in that light, or rather in the light of a purchaser under a foreclosure of a second mortgage with notice of the first,) should be regarded as standing in the place of a surety. That on redeeming the prior mortgage, he would by the rights of subrogation, be entitled to the note as well as the first mortgage; and that the release would cut off his personal remedy against the mortgagor on the note.

Any thing done by a first mortgagee to the prejudice of a second mortgagee, with a knowledge of the second mortgage, should, to the extent of such injury, postpone the first to the second mortgage.

If Gould were a surety so far as regarded his mortgage, in the strict sense of the word, he would not be discharged by the release; because the remedy against him, that is the land, is expressly reserved. It was decided, in *Clagett* v. *Salmon*, 5 *Gill & John. R.* 314, a creditor might extend the time for his debtor to pay in, without releasing the sureties, if he, by the same agreement, in express terms, reserves his remedy against them. The case was appealed, and the appellate Court, in affirming the decree of the Chancellor, say, "But if the creditor reserves his remedy against the sureties, in the contract he makes with the principal debtor, the debtor thereby tacitly consents to forego, or waive, the benefit of such contract, in case the creditor should afterwards find it necessary to resort to the sureties, for the full and complete extinguishment of his debt."

But there is another view of the case. Gould had foreclosed his mortgage at law, before the release was given.

He was not at that time a subsequent mortgagee. He had previously changed his character of mortgagee for that of purchaser at the mortgage sale. Now, if, when he took his mortgage, he had notice of the Whitney mortgage, although his mortgage was first recorded, that can avail him nothing, and he stands in the place of a purchaser of the equity of redemption under the second mortgage, subject to the first mortgage; and the premises in his hands, as such purchaser with notice, are the primary fund for the payment of the first mortgage. *Coxe* v. *Wheeler,* 7 *Paige R.* 248. The release, therefore, could work no injury to him. The cross bill must be dismissed with costs.

As to the original bill. It is insisted Miller is an interested witness, notwithstanding the release, as the mortgage to Mrs. Whitney contains a covenant of warranty, from which he is not released. The question is not one of title in the mortgagor, for both parties admit his title, and claim under him, but of priority under the registry laws, with which the covenant of warranty has nothing to do.

The bill was clearly demurrable, in not stating that any thing was due on the note executed with the mortgage, or whether any proceedings had been had at law for the recovery of the debt, as required by the statute. Nor is this all. Aside from the question of notice or no notice, complainant has not made out such a case as to entitle him to a decree. The promissory note is not in evidence, and, for aught that appears from the testimony, it may have been paid. The law does not raise a presumption of non-payment, but of payment when due, unless the contrary is shown by the production of the note, or other evidence repelling the presumption of law, when the note itself cannot be produced. Nor is there any evidence of an assignment of the note or debt to complainant. The assignment is of " all my right, title and interest, or claim,

to the within mortgage." No mention whatever is made of the debt or note. The assignment set forth in the bill is altogether different from the one proved. The assignment of a mortgage, without the debt which it is given to secure, carries no beneficial interest in the mortgage to the assignee, who would hold it subject to the will and disposal of the creditor. 4 *J. C. R.* 43.

As to the question of notice, the evidence is conflicting, so much so, that I have not been able to satisfy myself on which side the truth lies. If this were the only point in the case, I should be disposed to award an issue and have the witnesses orally examined in the presence of a jury, that more light might, if possible, be elicited. As it is, the original bill, as well as the cross bill, must be dismissed with costs, but without prejudice.